62180. SANCHEZ v. AARON VAN LINES, INC. et al.

BIRDSONG, Judge.

The appellant Dr. Sanchez brought suit against appellee Aaron Van Lines, Inc. (Aaron) and Sunpak, Inc. (a Washington corporation) to recover $4,117.64 and other damages. Following the uncontested grant of summary judgment against Sunpak in Dr. Sanchez' favor, the trial court without a jury rendered a judgment absolving Aaron of any liability to Dr. Sanchez. Dr. Sanchez appeals. *Held:*

1. In 1976 Dr. Sanchez contacted appellee Aaron Van Lines in contemplation of a move back to his native Bolivia. An employee of Aaron contacted several companies which she referred to as freight forwarders, in an attempt to obtain the lowest possible rate for the overseas shipment of Dr. Sanchez' household goods. On September 12, 1978, Aaron issued to Dr. Sanchez a document entitled "Statement of Accessorial Services Performed." This document shows that the goods were picked up in Atlanta on September 13, for the destination of Sucre, Bolivia, with *"Aaron Van Lines/Agent"* listed under "name of carrier and agent." At some point, Dr. Sanchez was informed or it was agreed that the carriage rate for the overseas shipment would be $141.25 per 100 pounds of weight, for a total firm price of $29,620.13. Apparently Aaron packed up the goods and stored them at its warehouse in Atlanta for some unknown period of time.

On November 9, 1978, a bill of lading contract document was issued to Dr. Sanchez, c/o Aaron Van Lines. Dr. Sanchez signed it. This bill of lading clearly and conspicuously bore the title "Sunpak Movers, Inc." Dr. Sanchez paid this entire amount, $29,620.13, to Aaron Van Lines; Aaron deducted about $4,000 for its packing and other services and forwarded the rest to Sunpak. The evidence does not clearly disclose when the goods left Atlanta, nor is it shown how or by whom they were shipped; but presumably while they reposed in a port somewhere, Sunpak demanded an additional $4,116.64 before it would further move the goods, and Dr. Sanchez under duress paid it. It is undisputed that Aaron did not demand the additional moneys and had nothing to do with Sunpak's refusal to complete the move.

The judgment of the trial court releasing Aaron from liability in the case is based on the finding that the contract of carriage in this case was between Dr. Sanchez and Sunpak. This finding is supported by the evidence. Code Ann. § 109A-7—102 defines "bailee" as the person who by bill of lading or other document acknowledges possession of goods and contracts to deliver them. "Issuer" is defined in that code section as a bailee who issues a document, and includes

"any person for whom an agent or employee purports to act in issuing a document if the agent or employee has real or apparent authority to issue documents." Dr. Sanchez contends that he dealt solely and initially with Aaron Van Lines, and contracted with Aaron to move his goods. But while the evidence is in conflict, under the code sections just cited the conclusion is authorized that Sunpak was the issuer of the bill of lading contract and Aaron was its agent. Under Code Ann. § 109A-7—302, the issuer of a through bill of lading or other document embodying an undertaking is liable for any breach of the undertaking; under paragraph (2) of Code Ann. § 109A-7—302, the agent (Aaron), not being the issuer, was discharged of any liability upon delivery of the goods to Sunpak and could not be liable for Sunpak's breach. The evidence does not show that Aaron committed any breach or any tort while the goods were in its possession. No claim is good against Aaron for breach of the carriage contract under Code Ann. § 109A-7—302 and no act by Aaron contributed to the tortious injury claimed by Dr. Sanchez.

The enumerations of error attributed to the trial court's findings of fact are without merit, and in any case those particular findings of facts are not material to or conclusive of the issues. The facts we have recited herein, which were considered by the trial court, are sufficient on their face to authorize the trial court's conclusion that the contract of carriage (bill of lading) was between Sunpak and Dr. Sanchez with Aaron Van Lines acting as Sunpak's origin agent, and the appellant, as plaintiff, did not sustain his burden in the trial court to show otherwise.

2. The trial court did not err in admitting evidence of the communications between Dr. Sanchez and Aaron in 1976, two years before the move was finally arranged. The appellant earlier introduced a letter written by Aaron's employee to the doctor in 1976 covering the same negotiations, and thereby waived his objection to similar evidence offered by the appellee. *Steverson v. Hospital Authority,* 129 Ga. App. 510, 514 (199 SE2d 881). Permitting Aaron's president to testify that Aaron had no contract with Dr. Sanchez was not reversible error as being an improper legal conclusion as to the ultimate fact in issue. The witness could testify as to his apprehension of the facts and circumstances, the weight given to such testimony being a matter for determination by the trier of fact. Moreover, the judgment of the trial court was based upon the documentary evidence and facts as they appear in the record, and not upon Aaron's opinion that it had no contract with Dr. Sanchez. The remaining objections as to evidence we find to be without merit, since in each case the evidence contained matter not material to the issues or merely cumulative to the other evidence and therefore harmless in

its admission.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 1, 1981 —
REHEARING DENIED OCTOBER 27, 1981 — 

*Floyd E. Siefferman, Jr.,* for appellant.
*R. Hal Meeks, Jr.,* for appellees.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

